IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER CURTIS BELLINGER III, <br><br> Plaintiff, <br><br> v. <br><br> THE CITY OF PERTH AMBOY, et al., <br><br> Defendants. | Hon. Jamel K. Semper, U.S.D.J. <br> Hon. Cathy L. Waldor, U.S.M.J. <br><br> Civil Action No. 2:24-cv-08442 |

**PLAINTIFF'S SUPPLEMENTAL BRIEF IN OPPOSITION
TO DEFENDANTS' MOTION TO DISMISS**

Kristen Santillo
Gelber & Santillo PLLC
52 Duane Street, 7th Floor
New York, NY 10007
(212) 227-4743
ksantillo@gelbersantillo.com
*Attorney for Plaintiff*
*Christopher C. Bellinger*

**TABLE OF CONTENTS**

PRELIMINARY STATEMENT ................................................................................................... 1
PROCEDURAL HISTORY .......................................................................................................... 1
ARGUMENT .................................................................................................................................. 1
    I.    Plaintiff's Notice of Claim was Timely ................................................................................ 1
    II.   The Notice of Claim is Substantively Proper ...................................................................... 2
    III.  Service Upon the PAPD was Proper.................................................................................... 2
    IV.  In the Alternative, Plaintiff's Notice of Claim "Substantially Complied" with the NJTCA ................................................................................................................................... 3
CONCLUSION............................................................................................................................... 5

# TABLE OF AUTHORITIES

**Cases**

*Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022) .................................................................. 1

*D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 159 (2013) ........................................... 3

*Evans v. Elizabeth Police Dep't*, 190 N.J. Super. 633, 635-36 (Law Div. 1983), *rev'd on other grounds*, 236 N.J. Super. 115 (App. Div. 1989) ........................................................................ 2

*Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 352 (2001) ............................................................ 4

*Lowe v. Zarghami*, 158 N.J. 606, 629 (1999) ............................................................................ 3, 5

*Madej v. Doe*, 194 N.J. Super. 580, 587-88 (Law Div. 1984) *overruled on other grounds by Milacci v. Mato Realty Co.*, 217 N.J. Super. 297 (App. Div. 1987) ........................................... 3

*McDade v. Siazon*, 208 N.J. 463, 479 (2011) ................................................................................ 3

*Moon v. Warren Haven Nursing Home*, 182 N.J. 507, 514 (2005) ................................................ 2

*O'Donnell v. N.J. Tpk. Auth.*, 236 N.J. 335, 350 (2019) ............................................................ 3, 4

*Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 745 (D.N.J. 2016) .................................. 2, 4

*Thompson v. Clark*, 142 S.Ct. 1332, 1335 (2022) ......................................................................... 1

*Tuckey v. Harleysville Ins. Co.,* 236 N.J.Super. 221, 225 (App.Div.1989) .................................... 4

*Ventola v. N.J. Veteran's Mem'l Home*, 164 N.J. 74, 82 (2000) .................................................... 5

*Wiley v. City of Newark, New Jersey,* No. CV 16-2530, 2017 WL 4678202, at *2 (D.N.J. Oct. 16, 2017) ......................................................................................................................................... 2

**Statutes**

N.J.S.A. 59 ............................................................................................................................ 1, 2, 3

## PRELIMINARY STATEMENT

Plaintiff complied, or at minimum substantially complied, with the New Jersey Tort Claims Act ("NJTCA"), N.J.S.A. 59:1-1 et seq., by serving the Notice of Claim on the Perth Amboy Police Department ("PAPD"). Accordingly, Counts XI, XIII, and XIV of Plaintiff's Complaint should not be dismissed. (ECF No. 19 at 22-24).

## PROCEDURAL HISTORY

On December 17, 2024, Plaintiff moved in New Jersey Superior Court to file an amended, late notice of claim upon the City of Perth Amboy. Plaintiff also requested that this Court hold its decision on Defendants' motion to dismiss in abeyance during the pendency of that action. (ECF No. 27 at 25-27). On March 4, 2025, the Superior Court dismissed Plaintiff's motion without prejudice for reasons of comity. (ECF No. 34, Exh. A).

## ARGUMENT

**I.      Plaintiff's Notice of Claim was Timely**

Under the NJTCA, a notice of claim must be filed within 90 days of "accrual of the cause of action." N.J.S.A. 59:8-8(a). Defendants incorrectly argue that Plaintiff's Notice of Claim (hereinafter, "Notice") was untimely by conflating malicious prosecution claims with false arrest claims. (ECF No. 19 at 23-24, ECF No. 30 at 11-12). Plaintiff's state law claims arise from malicious prosecution, which accrues upon the favorable termination of the criminal case. *See Thompson v. Clark*, 142 S.Ct. 1332, 1335 (2022); *Coello v. DiLeo*, 43 F.4th 346, 354-55 (3d Cir. 2022). Plaintiff's Notice was filed within 90 days of the dismissal of the criminal case against Mr. Bellinger. (ECF No. 1 at ¶ 31 (noting that the criminal case against Plaintiff was dismissed on February 1, 2024), ¶ 110 (notice of claim was filed on April 11, 2024), and Exh. 15 (copy of the notice of claim)).

1

Plaintiff's Notice explicitly asserts "malicious prosecution" and cites prosecutorial and law enforcement misconduct, including fabrication and suppression of evidence, and injuries that post-date his arrest. (ECF No. 1, Exh. 15 at 2). Unlike in *Panarello v. City of Vineland*, 160 F. Supp. 3d 734, 745 (D.N.J. 2016), where the notice solely focused on the arrest events, Plaintiff's Notice describes events following his arrest. Nor has Plaintiff alleged a state claim for false arrest, and the claims Defendants seek to dismiss do not involve false arrest. (ECF No. 1 at 38-42). Plaintiff's notice was timely.

## II.     The Notice of Claim is Substantively Proper

The NJTCA requires six elements in a notice of claim. N.J.S.A. 59:8-4. Plaintiff's Notice contained all required elements. (ECF No. 1, Exh. 15). It provided Defendants with sufficient information to investigate and respond, fulfilling the statute's purpose. *Moon v. Warren Haven Nursing Home*, 182 N.J. 507, 514 (2005); *O'Donnell v. New Jersey Tpk. Auth.,* 236 N.J. 335, 351 (2019); *McDade v. Siazon,* 208 N.J. 463, 478 (2011).

## III.     Service Upon the PAPD was Proper

Under the NJTCA, a notice must be filed with the public entity involved in the alleged wrongful act. N.J.S.A. 59:8-7. The NJTCA defines "public entity" broadly. N.J.S.A. 59:1-3. In *Evans v. Elizabeth Police Dep't*, 190 N.J. Super. 633, 635-36 (Law Div. 1983), rev'd on other grounds, 236 N.J. Super. 115 (App. Div. 1989), the court recognized a municipal police department as a public entity.

Thus, service upon the PAPD was proper as it is a "public entity." Moreover, a New Jersey municipal police department is not a separate entity from the municipality. *Wiley v. City of Newark, New Jersey,* No. CV 16-2530, 2017 WL 4678202, at *2 (D.N.J. Oct. 16, 2017) (*citing* N.J.S.A. 40A:14-118 and cases). Defendants argue that the City and the PAPD are not separate entities for Section 1983 purposes, but are for NJTCA purposes, providing no case supporting

2

this distinction. (ECF Nos. 19 at 5 and 30 at 11). The cases cited by Defendants do not resolve the issue, as they involve separate and distinct entities, such that service on one could not constitute service on the other. *See Madej v. Doe*, 194 N.J. Super. 580, 587-88 (Law Div. 1984) *overruled on other grounds by Milacci v. Mato Realty Co.*, 217 N.J. Super. 297 (App. Div. 1987) (City and State distinct entities); *McDade*, 208 N.J. at 479 (Township and Municipal Utility Authority distinct entities); *O'Donnell*, 236 N.J. at 350 (State and New Jersey Transit Authority separate and independent).

Thus, because the PAPD and the City are not separate entities, service upon the PAPD constitutes service upon the City. These arguments apply equally to naming only PAPD as a responsible party; if PAPD is liable, so, too, is the City. N.J.S.A. 59:8-4 requires a notice of claim to contain "[t]he name or names of the public entity, employee or employees causing the injury, damage or loss, if known."  As required, PAPD and its various employees (all employees of the City) are named in Plaintiff's Notice.

**IV.     In the Alternative, Plaintiff's Notice of Claim "Substantially Complied" with the NJTCA**

Should the Court conclude that Mr. Bellinger's Notice of Claim was insufficient in any respect, it is clear that Mr. Bellinger substantially complied with the requirements of the NJTCA and so his Notice should be deemed sufficient to satisfy the statute. *See D.D. v. Univ. of Med. & Dentistry of N.J.*, 213 N.J. 130, 159 (2013).  The NJTCA is not intended to act as a "trap for the unwary". *Lowe v. Zarghami*, 158 N.J. 606, 629 (1999).  The goal is to ensure that "wherever possible cases may be heard on their merits". *Id.* To this end, courts apply the equitable doctrine of substantial compliance to challenged notices of claim where, as here, the notice was in writing and timely but suffered from technical defects. *D.D.*, 213 N.J. at 159. *Accord Galik v. Clara Maass Med. Ctr.*, 167 N.J. 341, 352 (2001) (the doctrine is meant "to avoid the harsh

consequences that flow from technically inadequate actions that nonetheless meet a statute's underlying purpose.")

The party asserting the doctrine must demonstrate: (1) lack of prejudice to the defending party; (2) a series of steps taken to comply with the statute involved; (3) general compliance with the statute's purpose; (4) a reasonable notice of petitioner's claim; and (5) a reasonable explanation why there was not strict compliance with the statute. *Panarello*, 160 F.Supp.3d at 746.

As the foregoing makes clear, Plaintiff took reasonable steps to comply with the NJTCA's requirements and purpose. The Notice was served upon PAPD, a public entity, within 90 days of accrual of the claims, included all required information, and provided sufficient notice as to the nature of the underlying events, Plaintiff's claims, and legal theories. *Tuckey v. Harleysville Ins. Co.,* 236 N.J.Super. 221, 225 (App.Div.1989) (substantial compliance likely where public entity was sufficiently apprised of particulars of accident and claim). Courts have found "substantial compliance" where the challenged notice contained less. *See Lebron v. Sanchez,* 407 N.J.Super. 204, 214–17 (App.Div. 2009) (substantial compliance despite failure to specifically assert legal theory); *Henderson v. Herman,* 373 *N.J.Super.* 625, 633 (App.Div. 2004) (substantial compliance despite failure to include names of individual tortfeasors).

Defendants make no claim of a lack of actual or constructive notice to the City, or prejudice. *See O'Donnell*, 236 N.J. at 351-52 (actual notice to agency led court to grant Plaintiff leave to file a late notice of claim). First, PAPD and the relevant employees were definitively on notice because they received Plaintiff's Notice. Second, all facts, records, and defense witnesses necessary for the City to litigate this case are in the possession and control of the City, such that there can be no prejudice. *Lowe*, 158 N.J. at 631 (doctor's required recordkeeping means

4

investigation of claim not hindered by late filing); *Ventola v. N.J. Veteran's Mem'l Home*, 164 N.J. 74, 82 (2000) (circumstances fully documented and thus no prejudice). In light of these facts, the City cannot credibly claim it has been prejudiced. Indeed, PAPD and the Middlesex County State's Attorney's Office have already conducted an internal affairs investigation regarding Plaintiff's missing Rolex. (ECF No. 1 at ¶ 109).

Finally, to the extent that the Notice did not strictly comply with the NJTC, Plaintiff has a reasonable explanation. No case has ever found that service on a municipal police department alone is inadequate to notice the City. Given that PAPD is not separate and distinct from the City, it was reasonable to believe that notice upon the PAPD was sufficient under the NJTCA.

## CONCLUSION

For the foregoing reasons, and those previously set forth, Plaintiff respectfully requests that this Court enter an order denying Defendants' motion to dismiss in its entirety. In the alternative, Plaintiff respectfully requests leave to amend any claim in lieu of dismissal to remedy any defects.

Dated: March 14, 2025                                    Respectfully submitted,

/s/ Kristen Santillo

Kristen Santillo
NJ Bar No. 096832014
Gelber & Santillo PLLC
52 Duane Street, 7th Floor
New York, NY 10007
(212) 227-4743
ksantillo@gelbersantillo.com
*Attorney for Plaintiff Christopher C. Bellinger*

Karen A. Newirth
Newirth Linehan PLLC
43 West 43rd Street, Suite 160
New York, New York 10036
(917) 426-5551
karen@newirthlinehan.com
*Admitted Pro Hac Vice in New Jersey*

Irving Cohen
80 Broad Street, 19th floor
New York, New York 10004
(212) 964-2544
icohenlaw@msn.com
*Admitted Pro Hac Vice in New Jersey*

## CERTIFICATE OF SERVICE

      I, Kristen Santillo, an attorney, hereby certify that on March 14, 2025 I filed the foregoing Supplemental Brief in Opposition to Defendants' Motion to Dismiss via the Court's CM/ECF system, which affected service on all counsel of record.

/s/ Kristen Santillo
*One of Plaintiff's Attorneys*
