IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY

| | |
|---|---|
| CHRISTOPHER CURTIS BELLINGER III,<br><br>Plaintiff(s),<br><br>v.<br><br>THE CITY OF PERTH AMBOY, PERTH AMBOY POLICE DEPARTMENT, CHIEF LAWRENCE CATTANO, in his official capacity, and LT. CARMELO JIMENEZ, DET. BENJAMIN BATISTA, DET./SGT. DAVID GUZMAN, DET. KEVIN SAVOIA, DET. YANELBA REYES, DET. LUIS ALMANZAR, P.O JESSICA DEJESUS, individually and in their official capacity, and "JOHN DOES" #1-3, individually and in their official capacity (the name "JOHN DOE" being fictitious, as the true names are presently unknown),<br><br>Defendant(s). | Hon. Jamel K. Semper, U.S.D.J.<br>Hon. Cathy L. Waldor, U.S.M.J.<br><br>Civil Action No. 2:24-cv-08442 |

**PERTH AMBOY DEFENDANTS' SUPPLEMENTAL MEMORANDUM OF LAW IN FURTHER SUPPORT OF THEIR MOTION TO DISMISS THE COMPLAINT PURSUANT TO FED. R. CIV. PRO. 12(B)**

**MURPHY ORLANDO LLC**
494 Broad Street, 5th Floor
Newark, NJ 07102
201.451.5000
*Attorneys for Defendants the City of Perth Amboy, Perth Amboy Police Department, Chief Lawrence Cattano, Lt. Carmelo Jimenez, Det. Benjamin Batista, Det./Sgt. David Guzman, Det. Kevin Savoia, Det. Yanelba Reyes, Det. Luis Almanzar, and P.O. Jessica DeJesus*

**On the Brief:**
    John W. Bartlett, Esq. (#023042001)
    Tyler Newman, Esq. (#335762021)
    Mallory B. Olwig, Esq. (#467232024)

**TABLE OF CONTENTS**

TABLE OF CONTENTS ................................................................................................. i

PRELIMINARY STATEMENT ......................................................................................1

LEGAL ARGUMENT .....................................................................................................1

    I.    PLAINTIFF'S APRIL 2024 NOTICE WAS NEITHER TIMELY NOR COMPLIANT WITH THE TORT CLAIMS ACT. ...............................................................................1

        A.    PLAINTIFF'S THEORY OF TIMELINESS WOULD PERPETUATE ARREST-RELATED CLAIMS FOR YEARS, IN VIOLATION OF THE TORT CLAIMS ACT'S PROVISIONS AND PRINCIPLES. ...............................................................................2

        B.    SERVICE OF THE APRIL NOTICE UPON THE PERTH AMBOY POLICE DEPARTMENT WAS INEFFECTIVE AS SERVICE UPON THE CITY. ...........................4

    II.    THE APRIL NOTICE WAS NOT "SUBSTANTIALLY COMPLIANT" WITH THE TCA, AND PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED. .......................5

CONCLUSION .................................................................................................................5

# TABLE OF AUTHORITIES

**Federal Cases**

Geissler v. City of Atl. City, 198 F. Supp. 3d 389 (D.N.J. 2016)......................................................3

Panarello v. City of Vineland, 160 F. Supp. 3d 734 (D.N.J. 2016)...............................................5

**State Cases**

Bayer v. Township of Union, 414 N.J. Super. 238 (App. Div. 2010)........................................ 3-4

Clagett v. Mack-Cali Realty Corp., No. A-2036-21, 2024 WL 2312822
   (App. Div. May 22, 2024)................................................................................................5

Coyne v. State Dep't of Transp., 182 N.J. 481 (2005) ...................................................................2

D.D. v. Univ. of Med. & Dentistry of New Jersey, 213 N.J. 130 (2013) ................................... 2-3

Madej v. Doe, 194 N.J. Super. 580 (Law Div. 1984).....................................................................5

McDade v. Siazon, 208 N.J. 463 (2011).....................................................................................2, 5

Mendez v. South Jersey Transp. Auth., 416 N.J. Super. 525 (App. Div. 2010).............................5

Velez v. City of Jersey City, 180 N.J. 284 (2004)..........................................................................5

**Federal Statutes and Rules**

FED. R. CIV. PRO. 12(b)(6)....................................................................................................*passim*

**State Statutes**

N.J.S.A. 59:1-1 to -9 .............................................................................................................*passim*

**PRELIMINARY STATEMENT**

In tandem with his opposition to Defendants' motion to dismiss, Plaintiff applied to the Superior Court of New Jersey for leave to file an "amended late notice" of his tort claims. His state papers were a mix of a proper application for leave to file a late notice under N.J.S.A. 59:8-9, and an improper effort to get the Superior Court to rule that his April 2024 submission to the Perth Amboy Police Department, 216 days after his first arrest, was in fact timely and substantially compliant. Cf. N.J.S.A. 59:8-8 (90-day time limit for filing notices of tort claim against public entities). After briefing and argument, the Court denied Plaintiff's motion, writing in pertinent part:

> [C]onsistent with principles of comity, . . . I should not wade into the middle of a federal court motion to dismiss and decide the validity of Bellinger's Notice of Tort Claim. . . . . Undoubtedly, the federal judge . . . is more qualified to decide this matter and afford justice to all concerned.

[Ex. A, at 4-5]. The Superior Court's denial freed Plaintiff to make a N.J.S.A. 59:8-9 application before this Court. Instead, Plaintiff has filed a supplemental brief in which he attempts to bolster and re-argue Point V of his opposition brief. [See Dkt. 27 at 25-28].

This new attempt fails just as badly, and for all the same reasons. Nothing in Plaintiff's latest submission can overcome the clear weight of case law supporting dismissal of his Complaint under Rule 12(b)(6), including his state law tort claims.

**LEGAL ARGUMENT**

**I.     PLAINTIFF'S APRIL 2024 NOTICE WAS NEITHER TIMELY NOR COMPLIANT WITH THE TORT CLAIMS ACT.**

In his pleading, his Superior Court application, and his supplemental brief, Plaintiff repeatedly asserts that he submitted "a timely Notice of Claim" to various government offices on April 11, 2024. [See, e.g., Dkt. 1 at ¶ 110; Dkt. 36 at § I.]. On the contrary, the referenced notice [Dkt. 1-16] was submitted nearly seven months after Plaintiff's arrest and thus was not "timely" under the N.J. Tort Claims Act, N.J.S.A. 59:1-1 et seq. ("TCA")—specifically, N.J.S.A. 59:8-8.

1

Further, it was not submitted to the City at all, but only to other entities like the Attorney General's Office and County Prosecutor, and to the Perth Amboy Police Department, service upon which was ineffective as to the City itself. Finally, even if Plaintiff had submitted a motion for leave to file a notice of late claim, see N.J.S.A. 59:8-9, the Court would lack jurisdiction because more than a year has passed since Plaintiff's arrest. Moreover, even with jurisdiction, Plaintiff would fail the "extraordinary circumstances" test that limits the availability of relief under N.J.S.A. 59:8-9.

### A. PLAINTIFF'S THEORY OF TIMELINESS WOULD PERPETUATE ARREST-RELATED CLAIMS FOR YEARS, IN VIOLATION OF THE TORT CLAIMS ACT'S PROVISIONS AND PRINCIPLES.

The "guiding principle" of the TCA is "that **'immunity from tort liability is the general rule and liability is the exception.'**" D.D. v. Univ. of Med. & Dentistry of N.J., 213 N.J. 130, 133 (2013) (emphasis added) (quoting Coyne v. State Dep't of Transp., 182 N.J. 481, 488 (2005)). In accordance with this principle, would-be plaintiffs are required to comply diligently with the requirements and deadlines set forth in the Act. McDade v. Siazon, 208 N.J. 463, 468 (2011) (the Act "imposes strict requirements upon litigants seeking to file claims against public entities"). Though strict, the time limits and procedures still provide potential plaintiffs with ample time to assert claims—and, importantly, give municipalities time to investigate those claims while memories are fresh, and possible evidence is at-hand. "The Legislature's waiver of sovereign immunity remains a limited one and [courts] not free to expand that waiver beyond its statutorily-established boundaries." D.D., 213 N.J. at 158.

Yet, that is exactly what Plaintiff is asking this Court to do. Plaintiff argues that because his claims against the police are presented as "malicious prosecution" claims, and not as "false arrest" like his leading federal claim, that the claims did not accrue until the criminal charges against him were dismissed on February 1, 2024. [Dkt. 36 at 2]. But every one of Plaintiff's allegations against the police Defendants arise out of their conduct on the dates of his arrest or

2

their alleged reliance on false information provided to them prior to those dates [see Dkt. 1, ¶¶ 1, 38-70], and "the law is well settled that **a claim for false arrest accrues on the date of the arrest**." Bayer v. Twp. of Union, 414 N.J. Super. 238, 259 (App. Div. 2010) (emphasis added) (citing Bauer v. Borough of Cliffside Park, 225 N.J. Super. 38, 47 (App. Div. 1988)); see also Geissler v. City of Atl. City, 198 F.Supp.3d 389, 401-02 (D.N.J. 2016) (Simandle, C.J.) (dismissing as untimely the plaintiff's claims for negligence and emotional distress in connection with her arrest).

In fact, New Jersey Courts have specifically addressed the question of whether a criminal defendant may await disposition of the charges against him before complying with the TCA's requirements for pursuing a tort claim arising out of the arrest, and have concluded that he may **not**. Specifically, the Bayer Court denied late-claim relief under N.J.S.A. 59:8-9, holding that the "plaintiff's desire to obtain a dismissal of the criminal charge before filing a notice of claim and his desire not to aggravate law enforcement officials did not constitute extraordinary circumstances so as to excuse his late filing." Bayer, 414 N.J. Super. at 259 (emphasis added). Like Bellinger, Bayer was not "incarcerated, disabled, or otherwise physically incapable of protecting his rights during the ninety-day period," but rather "[h]e was at liberty during the entire time." Id. Thus, the Court held "that plaintiff's reluctance to aggravate law enforcement officials reflects ambivalence about filing a claim. It is well established that 'indecision' or 'mere ambivalence' about whether to prosecute a claim do not constitute extraordinary circumstances necessary to create a basis for relief. Id. Even if Plaintiff was badly advised by his attorneys, he cannot come late and expect relief from the Act's timeliness provisions. See id. (absent "general confusion among attorneys and judges," misleading advice from counsel "is more akin to general claims of ignorance of the law and attorney negligence" which do not constitute "extraordinary circumstances").

Criminal prosecutions are rarely quick or easy, as this Court is surely well aware. Myriad reasons for delay, both before and after trial, can extend the process for years. Claims arising out

3

of prosecutorial conduct may become appropriate at any stage of such a case, and Defendants are not arguing that such claims—when presented against prosecutors, for conduct occurring in the course of the prosecution—might not be timely at the end of a case. But allowing claims arising out of alleged **police** conduct, **before, during, and immediately after an arrest**, like Plaintiff's claims here, to be brought years later simply by calling them "malicious prosecution" would be an end-run around both the letter and the spirit of the TCA. It would render the Act's strict time limits a nullity by allowing a plaintiff's criminal prosecution to toll them without limit.

Whatever labels or formulaic recitations of the elements of "malicious prosecution" this Plaintiff may offer, the fact is that he is challenging the propriety of his stop and arrest on drug charges and the police's subsequent determination that his possession of a firearm during the initial transaction warranted his second arrest for an additional crime. His claims arise out of the resulting embarrassment and the value of things taken from him at the time of his arrest, including a watch and a car. Accordingly, and properly, he titles his very first § 1983 federal claim: "False Arrest." [Dkt. 1 at 26]. Yet when it comes time to present his pendent state law claims, he asserts the tort of "malicious prosecution" against the municipality and police defendants. [Id. at 38].

Plaintiff's supplemental submission provides no rationale to depart from precedent regarding the accrual of arrest-related tort claims, and Defendants' motion should be granted.

### B. SERVICE OF THE APRIL NOTICE UPON THE PERTH AMBOY POLICE DEPARTMENT WAS INEFFECTIVE AS SERVICE UPON THE CITY.

Even if the Court had a reason to find Plaintiff's April 2024 notice timely, the Act still requires a notice to name and be served upon the entity against which Plaintiff would be asserting claims. N.J.S.A. 59:8-7. Under the TCA, however, a City and its administrative units are separate entities. See, e.g., McDade, 208 N.J. at 479 (Egg Harbor Township Municipal Utilities Authority, a department of Egg Harbor Township, is a distinct and separate entity from the Township).

4

Because a notice must "be filed directly with the specific local entity at issue," id. at 476, not just forwarded to it, see Madej v. Doe, 194 N.J. Super. 580 (Law Div. 1984), and must name that entity as a responsible party, Clagett v. Mack-Cali Realty Corp., 2024 WL 2312822 (App. Div. May 22, 2024), Plaintiff's April submission to the PAPD is therefore ineffective as against the City.

For this additional reason, dismissal is warranted notwithstanding Plaintiff's latest brief.

## II. THE APRIL NOTICE WAS NOT "SUBSTANTIALLY COMPLIANT" WITH THE TCA, AND PLAINTIFF'S TORT CLAIMS SHOULD BE DISMISSED.

The TCA requires *inter alia* that a proper notice should provide a "description of the injury, damage or loss incurred so far as it may be known at the time of the presentation of the claim," N.J.S.A. 59:8-4(d), in keeping with its purpose to allow public entities to "investigate and settle claims" while memories are fresh and information is readily available. Velez v. City of Jersey City, 180 N.J. 284, 294 (2004). In Panarello v. City of Vineland, 160 F.Supp.3d 734, 744-47 (D.N.J. 2016), this Court interpreted these provisions to bar a plaintiff's tort claims that arose subsequent to his arrest because his notice of claim did not describe anything beyond warrantless entry and excessive force at the time of his arrest; claims arising after his arrest were dismissed for failure to provide the public defendant with notice and an opportunity to investigate. Plaintiff's April notice to PAPD describes injuries from his arrest and prosecution but is silent on claims regarding his personal property. Plaintiff now claims the police failed to return a $50,000 watch. This is exactly the sort of item for which prompt notice is essential under the TCA, and the fact that Plaintiff's April 2024 submission to PAPD did not describe it—or the allegedly improper surrender of Plaintiff's vehicle to his lender—bars his claims for those damages.

## CONCLUSION

Plaintiff's supplemental submission offers no rationale to avoid dismissal of his tort claims under Rule 12(b)(6), and Defendants' motion [Dkt. 19] should be granted.

5

|  | Respectfully submitted, |
|---|---|
|  | **MURPHY ORLANDO LLC** |
|  | *Attorneys for Defendants* |
| Dated: March 21, 2025 | By: /s/ *John W. Bartlett* <br> John W. Bartlett, Esq. |