**UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER CURTIS BELLINGER III,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PERTH AMBOY, PERTH AMBOY POLICE DEPARTMENT, CHIEF LAWRENCE CATTANO, in his official capacity, and LT. CARMELO JIMENEZ, DET. BENJAMIN BATISTA, DET./SGT. DAVID GUZMAN, DET. KEVIN SAVOIA, DET. YANELBA REYES, DET. LUIS ALMANZAR, P.O. JESSICA DEJESUS, individually and in their official capacity, and "JOHN DOES" #1-3, individually and in their official capacity (the name "JOHN DOE" being fictitious, as the true names are presently unknown),<br><br>Defendants. | Civil Action No. 2:24-CV-08442-CLW-JKS<br><br>**DISCOVERY CONFIDENTIALITY ORDER** |

It appearing that discovery in the above-captioned action is likely to involve the disclosure of confidential information, it is **ORDERED** as follows:

1. Any party to this litigation and any non-party providing information in this action (hereinafter "non-party") shall have the right to designate as "Confidential" and subject to this Order any information, document, or thing, or portion of any document or thing: (a) that contains trade secrets, competitively sensitive technical, marketing, financial, sales or other confidential business information, or (b) that contains private or confidential personal information, or (c) that contains information received in confidence from third parties, or (d) which the producing party otherwise believes in good faith to be entitled to protection under Rule 26(c)(1)(G) of the Federal Rules of Civil Procedure and Local Civil Rule 5.3. Any party to this litigation or non-party covered by this Order, who produces or discloses any Confidential material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "CONFIDENTIAL" or "CONFIDENTIAL – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Confidential"). The marking shall

be placed on the document, thing, record, or information as to not obscure with the contents of same. Information that cannot be marked on its face, such as audio or video recordings, shall be designated as confidential in writing by the producing party at the time of its production.

2. Any party to this litigation and any non-party shall have the right to designate as "Attorneys' Eyes Only" and subject to this Order any information, document, or thing, or portion of any document or thing that contains highly sensitive business or personal information, the disclosure of which is highly likely to cause significant harm to an individual or to the business or competitive position of the designating party. Any party to this litigation or any non-party who is covered by this Order, who produces or discloses any Attorneys' Eyes Only material, including without limitation any information, document, thing, interrogatory answer, admission, pleading, or testimony, shall mark the same with the foregoing or similar legend: "ATTORNEYS' EYES ONLY" or "ATTORNEYS' EYES ONLY – SUBJECT TO CONFIDENTIALITY ORDER" (hereinafter "Attorneys' Eyes Only"). The marking shall be placed on the document, thing, record, or information as to not obscure with the contents of same. Information that cannot be marked on its face, such as audio or video recordings, shall be designated as confidential in writing by the producing party at the time of its production.

3. All Confidential and Attorneys' Eyes Only material shall be used by the receiving party solely for purposes of the prosecution or defense of this action, shall not be used by the receiving party for any business, commercial, competitive, personal or other purpose, and shall not be disclosed by the receiving party to anyone other than those set forth in Paragraph 4 with respect to Confidential material, or set forth in Paragraph 6 with respect to Attorneys' Eyes Only material, unless and until the restrictions herein are removed either by written agreement of counsel for the parties, or by Order of the Court. It is, however, understood that counsel for a party may give advice and opinions to his or her client solely relating to the above-captioned action based on his or her evaluation of Confidential and Attorneys' Eyes Only material, provided that such advice and opinions shall not reveal the content of such Attorneys' Eyes Only material except by prior written agreement of counsel for the parties, or by Order of the Court.

4. Confidential material, and the contents of Confidential material, may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Ex. A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Confidential if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein, or is employed by the party who produced the information, document or thing, or if the producing party consents to such disclosure;

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request; and

g. The parties. In the case of parties that are corporations or other business entities, "party" shall mean executives who are required to participate in decisions with reference to this lawsuit.

5. Confidential material shall be used only by individuals permitted access to it under Paragraph 4. Confidential material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

6. Material produced and marked as Attorneys' Eyes Only and the contents of such material may be disclosed only to the following individuals under the following conditions:

a. Outside counsel (herein defined as any attorney at the parties' outside law firms) and relevant in-house counsel for the parties;

b. Outside experts or consultants retained for purposes of this action, provided they have signed a Non-Disclosure Agreement in the form attached hereto as Ex. A;

c. Secretarial, paralegal, clerical, duplicating and data processing personnel of the foregoing;

d. The Court and court personnel;

e. Any deponent may be shown or examined on any information, document or thing designated Attorneys' Eyes Only if it appears that the witness authored or received a copy of it, was involved in the subject matter described therein or is employed by

the party who produced the information, document or thing, or if the producing party consents to such disclosure; and

f. Vendors retained by or for the parties to assist in preparing for pretrial discovery, trial and/or hearings including, but not limited to, court reporters, members of a document review team, litigation support personnel, jury consultants, individuals to prepare demonstrative and audiovisual aids for use in the courtroom or in depositions or mock jury sessions, as well as their staff, stenographic, and clerical employees whose duties and responsibilities require access to such materials, provided the vendor's representative and/or each member of the document review team has signed a Non-Disclosure Agreement in the form attached hereto as Exhibit A, which counsel for the party retaining the vendor(s) shall be obligated to retain and make available to all other parties and/or their counsel upon request.

7. Attorneys' Eyes Only material shall be used only by individuals permitted access to it under Paragraph 6. Attorneys' Eyes Only material, copies thereof, and the information contained therein, shall not be disclosed in any manner to any other individual, until and unless (a) outside counsel for the party asserting confidentiality waives the claim of confidentiality, or (b) the Court orders such disclosure.

8. With respect to any depositions that involve a disclosure of Confidential material or Attorneys' Eyes Only material of a party or non-party, such party or non-party shall designate the transcript as containing Confidential material or Attorneys' Eyes Only material, or both, shall have until thirty (30) days after receipt of the deposition transcript within which specifically to inform all other parties or non-parties of which portions of the transcript are to be designated Confidential or Attorneys' Eyes Only, which period may be extended by agreement of the parties. No such deposition transcript shall be disclosed to any individual other than the individuals described in Paragraph 4(a), (b), (c), (d) and (f) for Confidential material, or Paragraph 6 for Attorneys' Eyes Only material, and the deponent during these thirty (30) days, or the agreed to time period, and no individual attending such a deposition shall disclose the contents of the deposition to any individual other than those described in Paragraph 4(a), (b), (c), (d) and (f), or Paragraph 6 for Attorneys' Eyes Only material, during said thirty (30) days, or the agreed to time period. Upon being informed that certain portions of a deposition are to be designated as Confidential, or Attorneys' Eyes Only, all parties shall immediately cause each copy of the transcript in its custody or control to be appropriately marked and limit disclosure of that transcript in accordance with Paragraphs 4 and 5 or Paragraphs 6 and 7, respectively.

9. If counsel for a party receiving documents or information designated as Confidential [or Attorneys' Eyes Only] hereunder objects to such designation of any or all of such items, the following procedure shall apply:

a. Counsel for the objecting party shall serve on the designating party or third party a written objection to such designation, which shall describe with particularity the documents or information in question and shall state the grounds for objection. Counsel for the designating party or third party shall respond in writing to such objection within ten (10) days after receipt of the objection, and shall state with particularity the grounds for asserting that the document or information is Confidential [or Attorneys' Eyes Only]. If no timely written response is made to the objection, the challenged designation will be deemed to be void. If the designating party or nonparty makes a timely response to such objection asserting the propriety of the designation, counsel shall then confer in good faith in an effort to resolve the dispute.

b. If a dispute as to a Confidential [or Attorneys' Eyes Only] designation of a document or item of information cannot be resolved by agreement, within twenty (20) days of the attempt to confer in good faith, the proponent of the designation being challenged shall present the dispute to the Court initially by telephone or letter, in accordance with Local Civil Rule 37.1(a)(1), before filing a formal motion for an order regarding the challenged designation. The document or information that is the subject of the filing shall be treated as originally designated pending resolution of the dispute.

10. Any document designated "Confidential" or "Attorneys' Eyes Only" by a party or non-party and which is to be filed with the Court shall be filed under seal, in accordance with Local Civil Rule 5.3.

11. If the need arises during trial or in any application to/at any hearing before the Court for any party to disclose Confidential [or Attorneys' Eyes Only] information, it may do so only after giving notice to the producing party, and as directed by the Court.

12. Data Breach. If a party learns that material that party received in discovery pursuant to this Confidentiality Order has been the subject of a data breach, that party must promptly notify the producing party of the breach, and cooperate with that party to address the breach.

13. To the extent consistent with applicable law, the inadvertent or unintentional disclosure of Confidential material or Attorneys' Eyes Only material that should have been designated as such, regardless of whether the information, document or thing was so designated at the time of disclosure, shall not be deemed a waiver in whole or in part of a party's claim of confidentiality, either as to the specific information, document or thing disclosed, or as to any other material or information concerning the same or related subject matter. Within a reasonable time after disclosure such inadvertent or unintentional disclosure may be rectified by notifying, in writing, counsel for all parties to whom the material was disclosed that the material should have been designated Confidential [or Attorneys' Eyes Only]. Such notice shall constitute a designation of the information, document or thing as Confidential [or Attorneys' Eyes Only] under this Discovery Confidentiality Order.

14. The inadvertent or mistaken production of any information, document, or thing protected by attorney-client privilege or work-product immunity in this litigation shall not constitute a waiver of any attorney-client privilege or work-product protection that may be asserted by the producing party either in this case or in any other federal or state proceeding. This Order shall be interpreted to provide the maximum protection allowed by Federal Rule of Evidence 502(d). When the inadvertent or mistaken production or disclosure of any information, document, or thing protected by attorney-client privilege or work-product protection is discovered by or brought to the attention of the producing party, the treatment of such material shall be in accordance with Federal Rule of Civil Procedure 26(b)(5)(B). That treatment shall be deemed to comply with any obligations the producing party would otherwise have had pursuant to Fed. R. Evid. 502(b) or under the common law. However, nothing herein restricts the right of the receiving party to challenge the producing party's claim of attorney-client privilege or work-product protection within a reasonable time after receiving notice of the inadvertent or mistaken production or disclosure of any information, document, or thing that is subject to a claim of attorney-client privilege or work-product protection.

15. If a non-party serves a party in this action with a request, subpoena, or order ("demand") for disclosure of Confidential or Attorneys' Eyes Only material, the party receiving the demand, if not prohibited under applicable law, shall promptly deliver a copy of the demand to the designating party's counsel, and shall notify the party who served the request that some or all of the materials sought by the request are subject to this Confidentiality Order. The party receiving the demand shall not disclose any Confidential or Attorneys' Eyes Only material prior to the date specified for disclosure, or prior to resolution of any dispute regarding production of such material in response to the request, whichever is later. In its sole discretion and at its own cost, the designating party may oppose or seek to limit thed demand in any legal manner.

16. No information that is in the public domain, or which is already known by the receiving party through proper means, or which is or becomes available to a party from a source other than the party asserting confidentiality, rightfully in possession of such information on a non-confidential basis, shall be deemed or considered to be Confidential material [or Attorneys' Eyes Only] material under this Discovery Confidentiality Order.

17. This Discovery Confidentiality Order shall not deprive any party of its right to object to discovery by any other party or on any otherwise permitted ground. This Discovery Confidentiality Order is being entered without prejudice to the right of any party to move the Court for modification or for relief from any of its terms. This Discovery Confidentiality Order does not alter the Court Rules and case law regarding the court's obligation to conduct open hearings, or the parties' obligation to file pleadings electronically. The parties further acknowledge that electronic filing system used by the New Jersey Superior Court permits free and open access for the public. Any petition to seal pleadings, documents, records or testimony must be subject to a separate court order.

18. This Discovery Confidentiality Order shall survive the termination of this action and shall remain in full force and effect unless modified by an Order of this Court, or by the written stipulation of the parties filed with the Court.

19. Upon final conclusion of this litigation, which includes the exhaustion of all appeals and/or expiration of the time within which to file therefor, each party, or other individual subject to the terms hereof, shall be under an obligation to assemble and to return to the originating source all originals and unmarked copies of documents and things containing Confidential material [or Attorneys' Eyes Only material] and to destroy, should such source so request, all copies of Confidential material [or Attorneys' Eyes Only material] that contain and/or constitute attorney work product as well as excerpts, summaries and digests revealing Confidential material [or Attorneys' Eyes Only material]; provided, however, that counsel may retain complete copies of all transcripts and pleadings, including any exhibits attached thereto, for archival purposes, subject to the provisions of this Discovery Confidentiality Order. To the extent a party requests the return of Confidential material [or Attorneys' Eyes Only material] from the Court after the final conclusion of the litigation, including the exhaustion of all appeals therefrom, and all related proceedings, the party shall file a motion seeking such relief.

**IT IS SO ORDERED.**

Dated: **4/16/25**

***s/ Cathy L. Waldor***

HON. CATHY L. WALDOR , U.S.M.J.

**EXHIBIT A**

| | |
|---|---|
| CHRISTOPHER CURTIS BELLINGER III,<br><br>Plaintiff,<br><br>v.<br><br>THE CITY OF PERTH AMBOY, PERTH AMBOY POLICE DEPARTMENT, CHIEF LAWRENCE CATTANO, in his official capacity, and LT. CARMELO JIMENEZ, DET. BENJAMIN BATISTA, DET./SGT. DAVID GUZMAN, DET. KEVIN SAVOIA, DET. YANELBA REYES, DET. LUIS ALMANZAR, P.O. JESSICA DEJESUS, individually and in their official capacity, and "JOHN DOES" #1-3, individually and in their official capacity (the name "JOHN DOE" being fictitious, as the true names are presently unknown),<br><br>Defendants. | Civil Action No.<br>2:24-CV-08442-CLW-JKS |

I, ___________________________________, being duly sworn, state that:

1. My address is ________________________________________________________.

2. My present employer is _________________________________ and the address of my present employment is __________________________________________________________.

3. My present occupation or job description is ________________________________.

4. I have carefully read and understood the provisions of the attached Discovery Confidentiality Order in this case signed by the Court on ______________________________, and I will comply with all provisions of the Discovery Confidentiality Order.

5. I will hold in confidence and not disclose to anyone not qualified under the Discovery Confidentiality Order any Confidential material [or Attorneys' Eyes Only material] or any words, summaries, abstracts, or indices of Confidential material [or Attorneys' Eyes Only material] disclosed to me.

6. I will limit use of Confidential material [and Attorneys' Eyes Only material] disclosed to me solely for purpose of this action.

7. No later than the final conclusion of the case, I will return all Confidential material [and Attorneys' Eyes Only material], including summaries, abstracts, and indices thereof, which come into my possession, and documents or things which I have prepared relating thereto, to counsel for the party for whom I was employed or retained.

I certify that the foregoing statements made by me are true. I am aware that if any of the foregoing statements made by me are willfully false, I am subject to punishment.

Dated: ______________ ________________________________________

[Name]