**MURPHY ORLANDO LLC**
Jason F. Orlando, Esq. (#016482000)
John W. Bartlett, Esq. (#023042001)
Mallory B. Olwig, Esq. (#467232024)
494 Broad Street, 5th Floor
Newark, New Jersey 07102
(201) 451-5000
jorlando@murphyorlando.com
jbartlett@murphyorlando.com
molwig@murphyorlando.com
*Attorneys for Defendants*

**IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW JERSEY**

| | |
|---|---|
| CHRISTOPHER CURTIS BELLINGER III, <br><br> Plaintiff(s), <br><br> v. <br><br> THE CITY OF PERTH AMBOY, PERTH AMBOY POLICE DEPARTMENT, CHIEF LAWRENCE CATTANO, in his official capacity, and LT. CARMELO JIMENEZ, DET. BENJAMIN BATISTA, DET./SGT. DAVID GUZMAN, DET. KEVIN SAVOIA, DET. YANELBA REYES, DET. LUIS ALMANZAR, P.O JESSICA DEJESUS, individually and in their official capacity, and "JOHN DOES" #1-3, individually and in their official capacity (the name "JOHN DOE" being fictitious, as the true names are presently unknown), <br><br> Defendant(s). | Hon. Jamel K. Semper, U.S.D.J. <br> Hon. Cathy L. Waldor, U.S.M.J. <br><br> Civil Action No. 2:24-cv-08442 <br><br> **ANSWER, AFFIRMATIVE DEFENSES, JURY DEMAND ON BEHALF OF DEFENDANTS** |

The named Defendants remaining in this case after the Court's dismissal-in-part of the Verified Complaint And Jury Demand ("Complaint") filed by Plaintiff Christopher Curtis Bellinger III ("Plaintiff"), on June 30, 2025 [Dkt. 53-54], Lt. Carmelo Jimenez, Det. Benjamin Batista, Det./Sgt. David Guzman, Det. Kevin Savoia, Det. Yanelba Reyes, Det. Luis Almanzar,

and P.O. Jessica DeJesus (collectively "Defendants"), individually and in their official capacities, by their undersigned attorneys, hereby submit their Answer and Affirmative Defenses to the Complaint. Defendants deny all allegations and characterizations contained in headings and unnumbered paragraphs. Any allegations not specifically admitted herein are denied.

## AS TO PRELIMINARY STATEMENT

1.    Answering Paragraph 1 of the Complaint, and with respect to the allegations against them, Defendants deny the allegations in this Paragraph. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 1 and, on that basis, deny the remaining allegations contained therein.

2.    Answering Paragraph 2 of the Complaint, Defendants admit only that Plaintiff filed this action against Defendants, purportedly for alleged civil rights violations. Defendants deny the remaining allegations in the Paragraph.

## AS TO JURISDICTION AND VENUE

3.    Answering Paragraph 3 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 3 of the Complaint.

4.    Answering Paragraph 4 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 4 of the Complaint.

5.    Answering Paragraph 5 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent any response is required, Defendants deny the allegations contained in Paragraph 5 of the Complaint.

**AS TO JURY DEMAND**

6.      Answering Paragraph 6 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a procedural request to which no response is required. To the extent a response is required, Defendants reserve all rights with respect to Plaintiff's jury demand and all other matters related to trial and procedure.

**AS TO PARTIES**

7.      Answering Paragraph 7 of the Complaint, Defendants deny the allegations in this Paragraph.

8.      Answering Paragraph 8 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 8 and, on that basis, deny the allegations contained therein.

9.      Answering Paragraph 9 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 9 and, on that basis, deny the allegations contained therein.

10.      Answering Paragraph 10 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 10 and, on that basis, deny the allegations contained therein.

11.      Answering Paragraph 11 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 11 and, on that basis, deny the allegations contained therein.

12.      Answering Paragraph 12 of the Complaint, including all of its subparts, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 12 and, on that basis, deny the allegations contained therein.

13.     Answering Paragraph 13 of the Complaint, Defendants admit only that Plaintiff was driving an Audi on September 8, 2023, and that he was in possession of a firearm, magazine, and ammunition at the time of his arrest on that date. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 13 and, on that basis, deny the allegations contained therein.

14.     No response to Paragraph 14 of the Complaint is required, as the Perth Amboy Police Department ("PAPD") was dismissed as a Defendant in this action. Defendants further aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent any answer is required to Paragraph 14, Defendants admit that the Perth Amboy Police Department is an administrative unit of the City of Perth Amboy and deny the remaining allegations.

15.     Answering Paragraph 15 of the Complaint, Defendants aver that the allegations lack the requisite grammatical clarity to admit or deny them, and Defendants therefore deny the allegations in this Paragraph.

16.     Answering Paragraph 16 of the Complaint, including all of its subparts, Defendants admit only that, in September 2023, Lt. Carmelo Jimenez, Det. Benjamin Batista, Det./Sgt. David Guzman, Det. Kevin Savoia, Det. Yanelba Reyes, Det. Luis Almanzar, and P.O. Jessica DeJesus were employed by the City of Perth Amboy as law enforcement officers. Defendants further aver that the assertion that each named individual "is sued in his [or "her"] official capacity and individually" is a legal allegation or conclusion to which no response is required, and deny the remaining allegations in the Paragraph.

17.     Answering Paragraph 17 of the Complaint, Defendants aver that the Exhibit referenced therein is a document which speaks for itself in its entirety. Defendants lack knowledge

or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 17 and, on that basis, deny the allegations contained therein.

18.    No response to Paragraph 18 of the Complaint is required, as Lawrence Cattano was dismissed as a Defendant in this action. To the extent any answer is required, Defendants admit only that Defendant Lawrence Cattano is the Chief of Police of the Perth Amboy Police Department and that Plaintiff filed his action against Chief Cattano in his official capacity. Defendants deny the remaining allegations contained in Paragraph 18.

19.    Answering Paragraph 19 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 19 and, on that basis, deny the allegations contained therein.

20.    Answering Paragraph 20 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations contained in Paragraph 20.

21.    No response to Paragraph 21 of the Complaint is required, as the City of Perth Amboy ("City" or "Perth Amboy") was dismissed as a Defendant in this action. Defendants further aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent any answer is required, Defendants deny the allegations.

22.    Answering Paragraph 22 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 22 and, on that basis, deny the allegations contained therein.

## AS TO FACTS COMMON TO ALL CAUSES OF ACTION

### As To Introduction

23.    Answering Paragraph 23 of the Complaint, Defendants aver that the Exhibit referenced therein is a document which speaks for itself in its entirety. Defendants deny the remaining allegations in the Paragraph.

24.    Answering Paragraph 24 of the Complaint, Defendants aver that the document(s) referenced therein is/are document(s) which speaks for themselves in their entirety. Defendants deny the remaining allegations in the Paragraph.

25.    Answering Paragraph 25 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 25 and, on that basis, deny the allegations contained therein.

26.    Answering Paragraph 26 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 26 and, on that basis, deny the allegations contained therein.

27.    Answering Paragraph 27 of the Complaint, Defendants aver that the allegations in this Paragraph constitute a legal conclusion to which no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph.

28.    Answering Paragraph 28 of the Complaint, Defendants aver that the allegations in this Paragraph are directed at claims which were dismissed by the Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph and respond to its subparagraphs as follows:

      a.    Answering Paragraph 28(a) of the Complaint, Defendants aver that the pleadings and other papers filed in any alleged litigation are documents which speak for

themselves in their entirety. To the extent any further response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

b. Answering Paragraph 28(b) of the Complaint, Defendants aver that the pleadings and other papers filed in any alleged litigation are documents which speak for themselves in their entirety. To the extent any further response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

c. Answering Paragraph 28(c) of the Complaint, Defendants aver that the pleadings and other papers filed in any alleged litigation are documents which speak for themselves in their entirety. To the extent any further response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

d. Answering Paragraph 28(d) of the Complaint, Defendants aver that the pleadings and other papers filed in any alleged litigation are documents which speak for themselves in their entirety. To the extent any further response is required, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

29. Answering Paragraph 29 of the Complaint and its subparts (a)-(c), the allegations of these Paragraphs are not directed at these Defendants and therefore no response is required. Defendants further aver that the allegations in this Paragraph are directed at claims which were dismissed by the Court, to which no response is required. To the extent any response is required, Defendants deny the allegations in Paragraph 29 and its subparts (a)-(c).

30. Answering Paragraph 30 of the Complaint, Defendants aver that the allegations in this Paragraph are directed at claims which were dismissed by the Court, to which no response is required. To the extent a response is required, Defendants deny the allegations in the Paragraph and respond to its subparagraphs as follows.

    a. Answering Paragraph 30(a) of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

    b. Answering Paragraph 30(b) of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in this Paragraph and, on that basis, deny the allegations contained therein.

31. Answering Paragraph 31 of the Complaint, Defendants deny the legal conclusions and characterizations stated therein. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the purported statements of fact contained in this Paragraph and, on that basis, deny the allegations contained therein.

32.     Answering Paragraph 32 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny the allegations contained therein.

33.     Answering Paragraph 33 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny the allegations contained therein.

34.     Answering Paragraph 34 of the Complaint, Defendants deny the allegations in the Paragraph.

35.     Answering Paragraph 35 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny the allegations contained therein.

36.     Answering Paragraph 36 of the Complaint, no response is required as the allegations pertain to Count Four of the Complaint which Plaintiff voluntarily withdrew. To the extent a response is required, Defendants deny the allegations in the Paragraph.

37.     Answering Paragraph 37 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations that Plaintiff had to hire an attorney and attend court appearances, and that the case was dismissed five months later. Defendants deny the remaining allegations in the Paragraph.

**As To "On September 8, 2023, Mr. Bellinger Meets A Contractor To Pay Him For Services Rendered"**

38.     Answering Paragraph 38 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 38 and, on that basis, deny the allegations contained therein.

39.     Answering Paragraph 39 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 39 and, on that basis, deny the allegations contained therein.

40.     Answering Paragraph 40 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 32 and, on that basis, deny the allegations contained therein.

41.     Answering Paragraph 41 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 41 and, on that basis, deny the allegations contained therein.

42.     Answering Paragraph 42 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 42 and, on that basis, deny the allegations contained therein.

43.     Answering Paragraph 43 of the Complaint, Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the allegations contained in Paragraph 43 and, on that basis, deny the allegations contained therein.

44.     Answering Paragraph 44 of the Complaint, Defendants admit only that on September 8, 2023, Plaintiff was driving a black Audi bearing New Jersey license plate J45-RVM and that Joseph Appice was driving a Subaru. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 44 and, on that basis, deny the allegations contained therein.

45.     Answering Paragraph 45 of the Complaint, Defendants admit that both Defendant and Mr. Appice pulled their vehicles to the side of the road near one another, and deny the remaining allegations in this Paragraph.

46.     Answering Paragraph 46 of the Complaint, Defendants admit the allegations in this Paragraph.

47.     Answering Paragraph 47 of the Complaint, Defendants admit only that Plaintiff remained in his vehicle and that he interacted with Mr. Appice through the front passenger window. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 47 and, on that basis, deny the allegations contained therein.

48.     Answering Paragraph 48 of the Complaint, Defendants deny the allegation that Plaintiff handed $180 to Mr. Appice. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 48 and, on that basis, deny the allegations contained therein.

49.     Answering Paragraph 49 of the Complaint, Defendants admit only that Mr. Appice returned to his vehicle and that Plaintiff drove away. Defendants deny the remaining allegations contained in Paragraph 49.

**As To "PAPD Illegally Subjects Mr. Bellinger to a Traffic Stop and Arrest and Illegally Seizes His Property"**

50.     Answering Paragraph 50 of the Complaint, Defendants admit only that certain Individual Defendants observed Plaintiff and Mr. Appice approach Plaintiff's vehicle and interact with Plaintiff, aver that the Exhibit referenced therein is a document which speaks for itself in its entirety, and deny the remaining allegations in the paragraph.

51.     Answering Paragraph 51 of the Complaint, Defendants admit only that Det. Guzman stopped Plaintiff after he drove away from meeting Mr. Appice, aver that the Exhibit referenced therein is a document which speaks for itself in its entirety, and deny the remaining allegations in the paragraph.

52.     Answering Paragraph 52 of the Complaint, Defendants deny the allegations in the Paragraph, and aver that the Exhibit referenced therein is a document which speaks for itself in its entirety.

53.     Answering Paragraph 53 of the Complaint, Defendants admit that Mr. Appice was arrested and that narcotics were recovered from Mr. Appice, deny the remaining allegations contained in the Paragraph, and aver that the Exhibit referenced therein is a document which speaks for itself in its entirety.

54.     Answering Paragraph 54 of the Complaint, Defendants admit only that no narcotics were found on Plaintiffs' person or in his vehicle and that Defendants seized $206 in U.S. currency, two crumbled up napkins, two iPhones, Plaintiff's Concealed Carry Permit, a Sig Sauer handgun, magazine, ammunition, and holster. Defendants deny the remaining allegations contained in the Paragraph, and aver that the Exhibit referenced therein is a document which speaks for itself in its entirety.

55.     Answering Paragraph 55 of the Complaint, Defendants deny the allegations in the Paragraph.

56.     Answering Paragraph 56 of the Complaint, Defendants aver that the Exhibits referenced therein are documents which speak for themselves in their entirety, and deny the remaining allegations in the Paragraph.

57.     Answering Paragraph 57 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny the allegations contained therein.

58.     Answering Paragraph 58 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in this paragraph and, on that basis, deny the allegations contained therein.

59.     Answering Paragraph 59 of the Complaint, Defendants aver that the Exhibits referenced therein are documents which speak for themselves in their entirety, and deny the remaining allegations in the Paragraph.

60.     Answering Paragraph 60 of the Complaint, Defendants deny the allegations in the Paragraph.

61.     Answering Paragraph 61 of the Complaint, Defendants admit only that Plaintiff was booked and fingerprinted and that certain items of evidence and personal property were seized. Defendants deny the remaining allegations in Paragraph 61.

62.     Answering Paragraph 62 of the Complaint, Defendants aver that the Exhibit referenced therein is a document which speaks for itself in its entirety, and deny the remaining allegations in the Paragraph.

63.     Answering Paragraph 63 of the Complaint, Defendants admit the allegations but not the characterizations (*e.g.*, "allegedly") in this paragraph, and aver that the Exhibit referenced therein is a document which speaks for itself in its entirety.

64.     Answering Paragraph 64 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 64 and, on that basis, deny the allegations contained therein.

65.     Answering Paragraph 65 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 65 and, on that basis, deny the allegations contained therein.

**As To "The Individual Defendants Illegally Enter Mr. Bellinger's Home and Illegally Seize Him a Second Time"**

66.    Answering Paragraph 66 of the Complaint, Defendants admit only that certain Individual Defendants arrived at Plaintiff's home on September 12, 2023. Defendants deny all characterizations of their entry into Plaintiff's home (*e.g.*, "uninvited and without any legal right to do so"). Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 65 and, on that basis, deny the allegations contained therein.

67.    Answering Paragraph 67, Defendants deny the allegations in this paragraph except to admit that Plaintiff was arrested for violation of N.J.S.A. 2C:39-4.1.

68.    Answering Paragraph 68 of the Complaint, Defendants deny the allegation that they handcuffed Plaintiff and conducted a pat down search of him while in his home. Defendants further deny the allegation that they led him from his home in handcuffs. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 68 and, on that basis, deny the allegations contained therein.

69.    Answering Paragraph 69 of the Complaint, Defendants admit only that he was charged with firearms offenses. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 69 and, on that basis, deny the allegations contained therein.

70.    Answering Paragraph 70 of the Complaint, Defendants and aver that the Exhibit referenced therein is a document which speaks for itself in its entirety, and deny the remaining allegations in this paragraph.

71.     Answering Paragraph 71 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, deny the allegations contained therein.

**As To "PAPD Refuses to Return Mr. Bellinger's Illegally Seized Property"**

72.     Answering Paragraph 72 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 72 and, on that basis, deny the allegations contained therein.

73.     Answering Paragraph 73 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 73 and, on that basis, deny the allegations contained therein.

74.     Answering Paragraph 74 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 74 and, on that basis, deny the allegations contained therein.

75.     Answering Paragraph 75 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 75 and, on that basis, deny the allegations contained therein.

76.     Answering Paragraph 76 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 76 and, on that basis, deny the allegations contained therein.

**As To "PAPD Turns Over the Audi to Driveway, Who Sells It At A Loss"**

77.     Answering Paragraph 77 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 77 and, on that basis, deny the allegations contained therein.

78.    Answering Paragraph 78 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 78 and, on that basis, deny the allegations contained therein.

79.    Answering Paragraph 79 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 79 and, on that basis, deny the allegations contained therein.

80.    Answering Paragraph 80 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 80 and, on that basis, deny the allegations contained therein.

81.    Answering Paragraph 81 of the Complaint, Defendants aver that the allegations in this paragraph are not directed at Defendants and therefore that no response is required. To the extent any response is required, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 81 and, on that basis, deny the allegations contained therein.

82.    Answering Paragraph 82 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 82 and, on that basis, deny the allegations contained therein.

83.    Answering Paragraph 83 of the Complaint, Defendants deny the allegation that Plaintiff was falsely arrested and maliciously prosecuted. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 83 and, on that basis, deny the allegations contained therein.

84.     Answering Paragraph 84 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 84 and, on that basis, deny the allegations contained therein.

85.     Answering Paragraph 85 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 85 and, on that basis, deny the allegations contained therein.

86.     Answering Paragraph 86 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 86 and, on that basis, deny the allegations contained therein.

87.     Answering Paragraph 87 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 87 and, on that basis, deny the allegations contained therein.

**As To "Mr. Bellinger's Illegally Seized Handgun is Unlawfully Kept by PAPD"**

88.     Answering Paragraph 88 of the Complaint, Defendants deny the allegations in the Paragraph.

89.     Answering Paragraph 89 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 89 and, on that basis, deny the allegations contained therein.

**As To "After Five Months, the Charges Against Mr. Bellinger Are Dropped"**

90.     Answering Paragraph 90 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 90 and, on that basis, deny the allegations contained therein.

91.     Answering Paragraph 91 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 91 and, on that basis, deny the allegations contained therein.

92.     Answering Paragraph 92 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 92 and, on that basis, deny the allegations contained therein.

93.     Answering Paragraph 93 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 93 and, on that basis, deny the allegations contained therein.

94.     Answering Paragraph 94 of the Complaint and its subparts a., b., and c., Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 94 and its subparts a., b., and c. and, on that basis, deny the allegations contained therein.

95.     Answering Paragraph 95 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 95 and, on that basis, deny the allegations contained therein.

96.     Answering Paragraph 96 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 96 and, on that basis, deny the allegations contained therein.

97.     Answering Paragraph 97 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 97 and, on that basis, deny the allegations contained therein.

98.    Answering Paragraph 98 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 98 and, on that basis, deny the allegations contained therein.

99.    Answering Paragraph 99 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 99 and, on that basis, deny the allegations contained therein.

100.    Answering Paragraph 100 of the Complaint, Defendants deny the allegation that Mr. Appice exculpated Plaintiff to the Individual Defendants. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 100 and, on that basis, deny the allegations contained therein.

101.    Answering Paragraph 101 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 101 and, on that basis, deny the allegations contained therein.

102.    Answering Paragraph 102 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 102 and, on that basis, deny the allegations contained therein.

**103.**    Answering Paragraph 103 of the Complaint, Defendants aver that the referenced exhibit is a document which speaks for itself in its entirety. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 103 and, on that basis, deny the allegations contained therein.

**As To "Mr. Bellinger's Rolex Is Never Returned to Him"**

104.    Answering Paragraph 104 of the Complaint, Defendants deny the allegation that there was no record of Plaintiff's watch. Defendants lack knowledge or information sufficient to

form a belief as to the truth of the remaining allegations contained in Paragraph 104 and, on that basis, deny the allegations contained therein.

105.    Answering Paragraph 105 of the Complaint, Defendants admit only that Plaintiff was wearing a watch during his September 8, 2023, arrest, and aver and that the still image included in this paragraph speaks for itself. Defendants deny the allegation that Plaintiff was the subject of an illegal traffic stop. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and, on that basis, deny the allegations contained therein.

106.    Answering Paragraph 106 of the Complaint, Defendants deny the allegation that Plaintiff's watch was "taken" by PAPD. Defendants lack knowledge or information sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 105 and, on that basis, deny the allegations contained therein.

107.    Answering Paragraph 107 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 107 and, on that basis, deny the allegations contained therein. Defendants further aver that the referenced Exhibit is a document which speaks for itself in its entirety.

108.    Answering Paragraph 108 of the Complaint, Defendants deny the allegations in the Paragraph.

109.    Answering Paragraph 109 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 109 and, on that basis, deny the allegations contained therein.

110.    Answering Paragraph 110 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 110

and, on that basis, deny the allegations contained therein. Defendants further aver that the referenced Exhibit is a document which speaks for itself in its entirety.

## AS TO DAMAGES

111.    Answering Paragraph 111 of the Complaint, Defendants deny the allegations in the Paragraph.

112.    Answering Paragraph 112 of the Complaint, Defendants deny the allegations in the Paragraph.

113.    Answering Paragraph 113 of the Complaint, Defendants deny the allegations in the Paragraph.

114.    Answering Paragraph 114 of the Complaint, Defendants deny the allegations in the Paragraph.

## AS TO COUNT I
### 42 U.S.C. § 1983 False Arrest
*Against the Individual Defendants*

115.    Defendants repeat and reallege their responses to the allegations to all preceding paragraphs of the Complaint as though fully set forth herein.

116.    Answering Paragraph 116 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

117.    Answering Paragraph 117 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

118.   Answering Paragraph 118 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

119.   Answering Paragraph 119 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 119 and, on that basis, deny the allegations contained therein.

120.   Answering Paragraph 120 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

121.   Answering Paragraph 121 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

**AS TO COUNT II**
**42 U.S.C. § 1983 Malicious Prosecution**
*Against the Individual Defendants*

122.   Defendants repeat and reallege their responses to the allegations to all preceding paragraphs of the Complaint as though fully set forth herein.

123.   Answering Paragraph 123 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

124.   Answering Paragraph 124 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

125.    Answering Paragraph 125 of the Complaint, Defendants lack knowledge or information sufficient to form a belief as to the truth of the allegations contained in Paragraph 125 and, on that basis, deny the allegations contained therein.

126.    Answering Paragraph 126 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

127.    Answering Paragraph 127 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

## AS TO COUNT III
### 42 U.S.C. §§ 1983 and 1981 Selective Enforcement and False Arrest and Malicious Prosecution Due to Race/Color/National Origin
*Against the Individual Defendants*

128.    Dismissed.

129.    Dismissed.

130.    Dismissed.

131.    Dismissed.

132.    Dismissed.

133.    Dismissed.

134.    Dismissed.

135.    Dismissed.

## AS TO COUNT IV
### 42 U.S.C. § 1983 Denial of Second Amendment Rights
*Against the Individual Defendants*

136.    Dismissed.

137.    Dismissed.

138.    Dismissed.

139.    Dismissed.

## AS TO COUNT V
### 42 U.S.C. § 1983 Unreasonable Seizure Under the Fourth Amendment, Denial of Due Process Under the Fifth, Sixth, and Fourteenth Amendments, and Denial of Right to be Free of Excessive Fines Under the Eighth Amendment
*Against the Individual Defendants*

140.    Dismissed.

141.    Dismissed.

142.    Dismissed.

143.    Dismissed.

144.    Dismissed.

145.    Dismissed.

146.    Dismissed.

147.    Dismissed.

## AS TO COUNT VI
### 42 U.S.C. § 1983 Failure to Intercede
*Against the Individual Defendants*

148.    Dismissed.

149.    Dismissed.

150.    Dismissed.

151.    Dismissed.

152.    Dismissed.

### AS TO COUNT VII
**42 U.S.C. § 1983 Civil Rights Conspiracy**
*Against the Individual Defendants and Defendant Cattano*

153.  Dismissed.

154.  Dismissed.

155.  Dismissed.

156.  Dismissed.

157.  Dismissed.

### AS TO COUNT VIII
**42 U.S.C. § 1983 Supervisor Liability**
*Against Defendants Cattano and Jimenez*

158.  Dismissed.

159.  Dismissed.

160.  Dismissed.

161.  Dismissed.

162.  Dismissed.

163.  Dismissed.

164.  Dismissed.

### AS TO COUNT IX
**42 U.S.C. § 1983 Monell Claim**
**Monell Unconstitutional Policy, Custom, or Pattern and Practice or Promoting, Facilitating, or Condoning Improper, Illegal, and Unconstitutional Investigative Techniques and Failure to Supervise, Discipline and Train**
*Against Defendants City of Perth Amboy*

165.  Dismissed.

166.  Dismissed.

167.  Dismissed.

168.    Dismissed.

169.    Dismissed.

## AS TO COUNT X
### 42 U.S.C. § 1983 Monell Claim
**Monell Unconstitutional Policy, Custom, or Pattern and Practice or Promoting, Facilitating, or Condoning Improper, Illegal, and Unconstitutional Investigative Techniques in the Prosecution of Criminal Cases and Failure to Supervise, Discipline and Train Prosecutors**
*Against Defendants City of Perth Amboy*

170.    Dismissed.

171.    Dismissed.

172.    Dismissed.

173.    Dismissed.

174.    Dismissed.

## AS TO STATE LAW CLAIMS

## AS TO COUNT [XI]
### Malicious Prosecution
*Against the Individual Defendants*

175.    Defendants repeat and reallege their responses to the allegations to all preceding paragraphs of the Complaint as though fully set forth herein.

176.    Answering Paragraph 176 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

177.    Answering Paragraph 177 of the Complaint, Defendants deny the allegations that Plaintiff did not commit any crime and that no crime occurred. Defendants lack knowledge or information at this time sufficient to form a belief as to the truth of the remaining allegations contained in Paragraph 177 and, on that basis, deny the remaining allegations contained therein.

178.    Answering Paragraph 178 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

## AS TO COUNT [XII]
**New Jersey Civil Rights Act**
*Against the Individual Defendants*

179.    Defendants repeat and reallege their responses to the allegations to all preceding paragraphs of the Complaint as though fully set forth herein.

180.    Answering Paragraph 180 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

181.    Answering Paragraph 181 of the Complaint, Defendants aver that the paragraph states a legal conclusion(s) to which no response is required. To the extent any response is required, Defendants deny the allegations in this Paragraph.

## AS TO COUNT XI
**Intentional, Reckless, or Negligent Infliction of Emotional Distress**
*Against the Individual Defendants and Defendant Cattano*

182.    Dismissed.

183.    Dismissed.

184.    Dismissed.

185.    Dismissed.

186.    Dismissed.

## AS TO COUNT XII
**State Law Negligence**
*Against the Individual Defendants and Defendant Cattano*

187.    Dismissed.

188.    Dismissed.

189.    Dismissed.

190.    Dismissed.

191.    Dismissed.

192.    Dismissed.

## AS TO COUNT XIII
**Respondeat Superior Claim**
*Against the Defendant City of Perth Amboy*

193.    Dismissed.

194.    Dismissed.

195.    Dismissed.

196.    Dismissed.

197.    Dismissed.

## AS TO COUNT XIV
**Respondeat Superior Claim**
*Against the Defendant City of Perth Amboy*

198.    Dismissed.

199.    Dismissed.

200.    Dismissed.

201.    Dismissed.

202.    Dismissed.

203.    Dismissed.

## REPONSE TO PLAINTIFF'S PRAYER FOR RELIEF

Defendants deny that Plaintiff is entitled to the relief sought, or to any relief whatsoever.


## AFFIRMATIVE DEFENSES

### FIRST AFFIRMATIVE DEFENSE

The Complaint, in whole or in part, fails to state a cause of action against Defendants upon which relief may be granted.

### SECOND AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of estoppel, waiver, and laches.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the applicable statute of limitations.

### FIFTH AFFIRMATIVE DEFENSE

Defendant acted in good faith and without malicious intent at all times.

### SIXTH AFFIRMATIVE DEFENSE

Defendant acted reasonably and appropriately at all times with respect to Plaintiff.

### SEVENTH AFFIRMATIVE DEFENSE

Defendant did not engage in any wrongful or tortious acts in any way whatsoever.

### EIGHTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrines of collateral estoppel and res judicata.

## NINTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by a lack of jurisdiction over the subject matter.

## TENTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by a lack of jurisdiction over the person.

## ELEVENTH AFFIRMATIVE DEFENSE

At all relevant times hereto, Defendants acted in accordance with all applicable laws, policies, procedures, rules and/or regulations and case law.

## TWELFTH AFFIRMATIVE DEFENSE

Plaintiff's claims set forth in the Complaint are barred by his failure to exhaust administrative remedies.

## THIRTEENTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred, in whole or in part, by the fact that Defendants did not engage in any unlawful or improper acts.

## FOURTEENTH AFFIRMATIVE DEFENSE

The actions alleged against Defendants were not the proximate cause of any damage to Plaintiff.

## FIFTEENTH AFFIRMATIVE DEFENSE

There is no factual or legal basis upon which an award for compensatory damages and/or punitive damages can be made.

## SIXTEENTH AFFIRMATIVE DEFENSE

The matter of punitive damages is subject to bifurcation under the Punitive Damages Act.

## SEVENTEENTH AFFIRMATIVE DEFNSE

Plaintiff will be unable to demonstrate especially egregious conduct for purposes of punitive damages.

## EIGHTEEENTH AFFIRMATIVE DEFENSE

Any damages suffered by Plaintiff were caused by acts or omissions of persons or entities other than Defendants and/or beyond the control of these Defendants.

## NINETEENTH AFFIRMATIVE DEFENSE

Plaintiff sustained no damages as a result of any wrongful act allegedly committed by Defendants.

## TWENTIETH AFFIRMATIVE DEFENSE

Plaintiff failed to mitigate damages.

## TWENTY FIRST AFFIRMATIVE DEFENSE

Plaintiff has instituted and pursued this action without a factual and legal basis, which may entitle Defendants to attorney's fees and costs, including, but not limited to, such fees and costs authorized by the provisions of N.J.S.A. 2A:15-59.1, Fed. R. Civ. P. 11, and the common law.

## TWENTY SECOND AFFIRMATIVE DEFENSE

Plaintiff is not a member of a protected class.

## TWENTY THIRD AFFIRMATIVE DEFENSE

The Complaint is barred by the fact that some or all of Plaintiff's claims arise from Plaintiff's own actions.

## TWENTY FOURTH AFFIRMATIVE DEFENSE

The claims set forth in the Complaint are barred, in whole or in part, by the doctrine of unclean hands.

## TWENTY FIFTH AFFIRMATIVE DEFENSE

The Plaintiff's claims are barred by the New Jersey Tort Claims Act, N.J.S.A. 59:1-1 et seq.

## TWENTY SIXTH AFFIRMATIVE DEFENSE

Defendants' actions were, at all times, supported by and based on probable cause.

## TWENTY SEVENTH AFFIRMATIVE DEFENSE

Defendants rely upon any and all privileges, immunities and defenses available under the New Jersey Tort Claims Act, N.J.S.A. 59:1, et seq.

## TWENTY EIGHTH AFFIRMATIVE DEFENSE

Defendants are immune from liability for the acts alleged in the Complaint.

## TWENTH NINTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of qualified immunity.

## THIRTIETH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred under the doctrine of absolute immunity.

## THIRTY FIRST AFFIRMATIVE DEFENSE

At no time did Defendants retaliate or discriminate against Plaintiff.

## THIRTY SECOND AFFIRMATIVE DEFENSE

Plaintiff cannot prove special damages.

## RESERVATION OF RIGHTS TO PLEAD ADDITIONAL AFFIRMATIVE DEFENSES

Defendants have insufficient knowledge or information or knowledge upon which to form a belief as to whether it may have additional, as yet unstated, separate defenses available. Defendants reserve their right to assert additional separate defenses in the event discovery indicates, or Defendants otherwise become aware, that additional defenses would be appropriate.

**WHEREFORE** the Defendants demand judgment dismissing the remaining Counts of Plaintiff's Complaint in their entirety, and for reasonable costs of suit, including attorneys' fees and costs, and for such other and further relief as the Court may deem just and equitable.

<u>**JURY DEMAND**</u>

Defendants demand trial by jury of all issues so triable.

<u>**CERTIFICATION PURSUANT TO L. CIV. R. 11.2**</u>

The undersigned certifies, in accordance with L. Civ. R. 11.2, that to the best of his knowledge, there are no other proceedings either pending or contemplated with respect to the matter in controversy in this action and that, at this time, there are no other parties known who should be joined in this action.

Respectfully submitted,

**MURPHY ORLANDO LLC**
49A Broad Street, 5th Floor
Newark, NJ 07102
(201) 451-5000
jbartlett@murphyorlando.com
*Attorneys for Defendants*

Dated: July 18, 2025