

October 9, 2025

**Via CM/ECF**
The Honorable Cari Fais
United States Magistrate Judge
Dr. Martin Luther King Justice Building
50 Walnut Street
Newark, NJ 07102

      Re: *Christopher Curtis Bellinger III v. The City of Perth Amboy, et al.*, 24-CV-8442

Dear Judge Fais:

    The parties submit this joint status update in response to the Court's order of October 1, 2025, and in advance of the October 14, 2025 status conference.

**Factual and Procedural Background**

    *Factual Background*

    This civil rights action arises from Plaintiff Christopher Curtis Bellinger III's September 2023 arrests by members of the Perth Amboy Police Department ("PAPD"). Plaintiff alleges that Defendants unlawfully stopped, arrested, and charged him without probable cause; fabricated and falsified evidence to justify those arrests and prosecutions; and concealed material exculpatory and impeachment evidence. The criminal charges against Mr. Bellinger were dismissed on February 1, 2024, and expunged from the record on February 8, 2024.

    Plaintiff filed his Complaint on August 13, 2024, asserting federal and state claims against the City of Perth Amboy, the PAPD, Chief Lawrence Cattano, and multiple individual police officers. [Dkt. 1]. The Complaint alleges federal and state civil rights violations, including claims for false arrest, malicious prosecution, fabrication of evidence, and denial of due process and equal protection, as well as municipal liability under *Monell* and state-law claims for malicious prosecution, negligence, and emotional distress.

    *Procedural Background: Defendants' Motion to Dismiss*

    On October 18, 2024, Defendants moved to dismiss the Complaint in its entirety. [Dkt. 19]. On June 30, 2025, the Honorable Jamel K. Semper, U.S.D.J., issued an Opinion and Order granting in part and denying in part Defendants' motion to dismiss. [Dkt. 54].

The Honorable Cari Fais                                                                                      Page 2
October 9, 2025

The Court denied Defendants' motion to dismiss as to Plaintiff's core Fourth Amendment–based § 1983 claims of false arrest (Count I) and malicious prosecution (Count II) as well as his state-law malicious-prosecution and related New Jersey Civil Rights Act claims (Counts XI and XII).

The Court dismissed without prejudice Plaintiff's § 1983 claims for selective enforcement, false arrest, and malicious prosecution due to race/color/national origin (Count III); denial of second amendment rights (Count IV); unreasonable seizure under the Fourth Amendment, Denial of due process under the Fifth, Sixth, and Fourteenth Amendments, and denial of right to be free of excessive fines under the Eighth Amendment (Count V); failure to intercede (Count VI), civil-rights conspiracy (Count VII), supervisory liability (Count VIII), and the two *Monell* claims (Counts IX and X). The Court dismissed with prejudice the state-law tort claims (Counts XIII–XVI) as barred by the New Jersey Tort Claims Act, thereby terminating the City of Perth Amboy and Chief Cattano as defendants.

The remaining individual defendants filed their Answer on July 18, 2025, denying all material allegations and asserting numerous affirmative defenses [Dkt. 57].

### *Procedural Background: Scheduling and Discovery*

The Honorable Cathy L. Waldor, U.S.M.J. entered the initial Pretrial Scheduling Order on December 18, 2024. [Dkt. 26]. Initial Rule 26 disclosures were exchanged on January 9, 2025; interrogatories and document demands were served on February 4, 2025. On April 16, 2025, the Court issued a First Amended Scheduling Order following a joint request by the parties to adjust certain deadlines. [Dkt. 42]. In mid-April 2025, discovery was temporarily delayed while the parties sought consent to unseal materials from Plaintiff's co-defendant's expunged criminal case. The Court granted the consent application on May 30, 2025, allowing discovery to resume. [Dkt. 49]. On June 6, 2025, Defendants submitted a letter, with the consent of Plaintiff, requesting a 60-day extension of the discovery deadlines, which the Court granted, extending the fact discovery cutoff to November 11, 2025, and adjusting related expert and motion deadlines accordingly. [Dkt. 50]. The parties' first responses and document productions were made on June 18, 2025.

### **Discovery Status**

On August 1, 2025, Plaintiff sent Defendants a discovery deficiency letter identifying various issues and Defendants responded on August 11, 2025. On August 27, 2025, the parties met and conferred in an effort to resolve the identified discovery disputes, with defense counsel stating that they would consult with Defendants and revert with additional information and guidance. Defendants also advised that an additional, small discovery production would be forthcoming. Plaintiff's counsel has followed up with several emails and an additional letter, and defense counsel advised last week that they would be meeting with Defendants this week. On October 8, 2025, defense counsel advised that the meeting would occur on October 9, 2025, after which counsel will provide additional updates.

The Honorable Cari Fais                                                                                           Page 3
October 9, 2025

Plaintiff's counsel has also been reviewing outstanding electronic communications that may be responsive to Defendants' discovery demands, and anticipates making a final production in the next several weeks.

The parties anticipate that judicial intervention will be required for certain outstanding discovery issues, which are not yet ripe. One issue which is ripe, however, is the application of Daniel's Law to previously produced documents.

### *The Application of Daniel's Law to Previously Produced Records*

The Complaint alleges that Defendants made false statements in sworn arrest- and prosecution-related documents to fabricate a basis for Mr. Bellinger's arrest. [Dkt. 1 at ¶¶ 52–57]. Specifically, sworn arrest- and prosecution-related documents included a claim that Mr. Bellinger's arrest was based on police observations approximately eighteen months prior to Mr. Bellinger's arrest of Mr. Bellinger's vehicle, purportedly bearing the same license plate, engaged in drug transactions. The Complaint alleges this assertion was demonstrably false, because eighteen months prior to his arrest, Mr. Bellinger's vehicle had a different license plate on it.  In its June 30, 2025, opinion on Defendants' motion to dismiss, the Court found that these alleged "prior observations," even if true, did not provide probable cause for Mr. Bellinger's arrest and that Plaintiff had plausibly alleged that Defendants "lacked any factual basis to connect him or his vehicle to criminal activity" and instead "relied on knowingly false or fabricated information" in effectuating the arrest [Dkt. 53 at 8-10].

In response to Plaintiff's document demands, Defendants produced static screenshots of text messages apparently between two individual Defendant officers, purporting to show Mr. Bellinger's vehicle bearing its current license plate, accompanied by a text message asserting that the sender had observed the driver of the photographed car engaged in a drug transaction in front of the sender's home. Also produced was a short video purporting to show Mr. Bellinger's car bearing its current license plate in motion. These productions lacked any identifying detail, including the names of the text sender/recipient and the phone numbers from the involved devices; the dates and times the messages were sent; the location of the sender's home from where the observation allegedly occurred; and the underlying metadata.

As the sender of the text messages is a retired Perth Amboy Lieutenant, counsel for Defendants have declined to produce his home address or underlying metadata, asserting that Daniel's Law (N.J.S.A. 47:1A-1.1 et seq.) protects both, even if produced as "Attorney's Eyes Only" under the Discovery Confidentiality Order. On October 8, 2025, defense counsel advised that they would produce the location of the photos and video if directed by the Court after consultation with Your Honor during the October 14, 2025, status conference or upon Court order. Plaintiff requests that the Court order the production of the home address and underlying metadata relating to the text messages, given that the sender claims to have prior knowledge of the Plaintiff and his activities at a specific location; the Plaintiff needs to investigate the officer's claim of prior observations, including the officer's vantage point, line of sight, and familiarity with the area and claim that the officer could have reasonably observed what is claimed from the

The Honorable Cari Fais                                                                                                    Page 4
October 9, 2025

location(s) stated; and this information is crucial to Plaintiff's preparation, including challenging the credibility of the officer's testimony.

**Pending Motions and Proposed Scheduling Amendments**

On September 30, 2025, Plaintiff submitted a letter motion, with the consent of Defendants, requesting an extension of the fact discovery deadline to February 11, 2026, and a corresponding extension of other related case deadlines to give the parties additional time to try to resolve their discovery disputes without the need for court intervention. [Dkt. 58]. That request remains pending as of this filing. Importantly and in light of new information learned from Defendants' document productions to-date, Plaintiff seeks additional time to supplement interrogatories and document demands, and to amend the Complaint until Defendants have completed paper discovery.

**Settlement Conference**

No settlement talks have occurred to date. Plaintiff would welcome the opportunity to engage in settlement negotiations at a settlement conference. Defense counsel believes they will be meritorious at summary judgement but recognize the inherent costs and risks of litigation and would agree to a settlement conference should the Court deem one appropriate.

We thank the Court for its consideration.

                                                                           Respectfully submitted,

                                                                           /s/ Fern Mechlowitz
                                                                           Fern Mechlowitz
                                                                           Karen A. Newirth
                                                                           *Counsel for Plaintiff*

                                                                           /s/ Mallory Olwig
                                                                           Mallory Olwig
                                                                           *Counsel for Defendants*