

January 30, 2026

<u>**Via CM/ECF**</u>
Hon. Cari Fais
United States Magistrate Judge
Dr. Martin Luther King Justice Building
470 Dr. Martin Luther King Jr. Blvd.
Newark, NJ 07102

   Re: *Christopher Curtis Bellinger III v. The City of Perth Amboy, et al.*, 24-CV-8442

Dear Judge Fais:

The parties submit this joint status update consistent with the Court's directive at the December 22, 2025 status conference.

**Proposed Amendment to Scheduling Order**

The parties have met and conferred and agree, based on the current posture of the case and the progress of discovery, the Scheduling Order should be amended as follows:

- Fact discovery shall remain open through April 30, 2026;
- Written discovery shall be extended through April 30, 2026;
- Affirmative expert reports shall be served by June 17, 2026; responsive expert reports shall be delivered by July 29, 2026, and expert depositions shall be completed by September 30, 2026.

These extensions are necessary to allow the parties to complete fact and expert discovery. A Proposed Third Amended Scheduling Order reflecting these dates is attached, and the parties respectfully request that the Court endorse the proposed order.

**Dispute Concerning Method of ESI Extraction from Defendants Jimenez and Guzman's Cell Phones**

At the December 22, 2025 status conference, the Court directed the parties to submit an ESI Protocol governing the production of responsive records from the cell phones of Defendants Jimenez and Guzman in native format with metadata. [Dkt. 70]. The parties met and conferred and reached substantial agreement as to most aspects of the ESI Protocol but were unable to resolve a dispute concerning the method of ESI extraction to be used. That dispute was addressed in the parties' January 21, 2026 joint status letter [Dkt. 75], which remains pending before the Court.

---

**43 WEST 43RD STREET** | **SUITE 160** | **NEW YORK, NEW YORK 10036**
**(917) 936-5989** | **info@newirthlinehan.com** | **WWW.NEWIRTHLINEHAN.COM**

**Dispute Over Defendants' Subpoena of Plaintiff's Telephone Records from T-Mobile**

On January 28, 2026, Defendants notified Plaintiff of a subpoena issued to Plaintiff's cellular service provider, T-Mobile, seeking call records, text messages, metadata, and location information for the period September 1 through September 8, 2023. The subpoena is returnable on February 10, 2026. On January 29, 2026, Plaintiff filed a letter seeking leave to move to quash the subpoena. [Dkt. 77]. That application is presently pending before the Court. Plaintiff also served a letter on T-Mobile requesting that T-Mobile refrain from producing any records responsive to the subpoena unless and until the Court resolves the matter or directs otherwise.

Defendants will be filing a letter in response to Plaintiff's request for leave in due course.

**Ongoing Discovery**

**Plaintiff's Position**

In addition to the foregoing, on January 29, 2026, Plaintiff issued two third-party subpoenas. The first subpoena, directed to Driveway Finance Corporation, seeks records relating to the financing, seizure, and sale of Plaintiff's vehicle and related communications with third parties, including the Perth Amboy Police Department and the Middlesex County Prosecutor's Office ("MCPO"). The second subpoena, directed to the MCPO, seeks records relating to Mr. Bellinger's prosecution, the forfeiture of his vehicle, and other materials that Defendants' productions to date indicate are maintained by the MCPO.

Plaintiff also anticipates issuing a supplemental set of discovery demands based on Defendants' productions to date, serving a discovery deficiency letter concerning Defendants' prior productions, and responding to Defendants' January 29, 2026 discovery deficiency letter.

The allegations in Defendants' section below and in Defendants' recent deficiency letter are surprising, and Plaintiff intends to review them carefully and respond in due course once Plaintiff can meet and confer with Defendants on these issues.

**Defendants' Position**

In addition to the T-Mobile subpoena, Defendants issued a subpoena to 172 Bay Ave LLC, one of Plaintiff's companies that Plaintiff alleges Joseph Appice ("Appice") performed contractor service for. Defendants also issued a subpoena to Appice requesting all documents and communications related to his relationship with Plaintiff and the work Plaintiff alleges Appice performed for Plaintiff and/or Plaintiff's company. It also seeks all documents and communications relating to this litigation, including any communications with Plaintiff and/or his agents, as well as any drafts or other versions of an affidavit Appice provided to Plaintiff's counsel. Independent of the subpoena responses, video evidence already produced in discovery demonstrates that Appice made material misrepresentations in the sworn affidavit he prepared for and provided to Plaintiff. That evidence directly contradicts key statements in Appice's affidavit regarding his alleged relationship and dealings with Plaintiff.

---

Defendants raise this issue to apprise the Court of an emerging discovery and evidentiary concern. Defendants do not seek relief at this time, but flag the issue in the event Plaintiff attempts to rely on Appice's affidavit or related misrepresentations in motion practice or otherwise. Defendants reserve all rights to seek appropriate relief as discovery proceeds.

**Defendants' Discovery Deficiency Letter to Plaintiff and Emerging Issues**

On January 29, 2026, Defendants served a second deficiency letter on Plaintiff addressing multiple discovery issues (the "Deficiency Letter"). Defendants raise here only the most pressing issue, which may require Court intervention if it cannot be resolved between the parties.

Discovery to date provides a reasonable basis to believe that Plaintiff has either intentionally withheld or failed to preserve relevant evidence.

Defendants' Interrogatory Request No. 10 asked Plaintiff to identify each and every mobile phone or wireless device he owned, possessed, or used in or about September 2023, and for each device to state the manufacturer, model, phone number, carrier, and whether the device remains in his possession or control.

Plaintiff responded that, in September 2023, he owned and used two mobile devices. For the first mobile device, an iPhone, Plaintiff identified T-Mobile as the provider and set forth the associated phone number ("T-Mobile Device"). For the second device, also an iPhone, Plaintiff stated that he "does not recall" the associated number and that "to the best of [his] recollection" the provider was Simple Mobile (the "Unidentified Device," collectively, the "Devices"). Plaintiff further stated that the Devices were returned to him in February 2024. Perth Amboy records confirm that Plaintiff retrieved the Devices on February 26, 2024. Nevertheless, Plaintiff stated in his interrogatory response that the Devices are "no longer in Plaintiff's possession."

Plaintiff's document production shows that, on February 5, 2024, Plaintiff emailed the press regarding his arrest and stated that he had been advised by his attorney to retain a civil lawyer. In March 2024, Plaintiff—through his current counsel—completed an IA Complaint against Defendants and, by April 1, 2024, had issued litigation hold letters to the Perth Amboy Police Department and the Middlesex County Prosecutor's Office. Based on Plaintiff's own actions, litigation was reasonably foreseeable and he was under a clear duty to preserve relevant evidence. Despite this duty, Plaintiff has not produced any call logs, messages, payment records, or other documentation evidencing communications or any alleged business relationship with Appice. Instead, Plaintiff repeatedly states that he cannot recall the requested information or that he is not in possession of responsive documents. Such information would ordinarily be expected to reside on one or both of the Devices that Plaintiff admits were in his possession during the relevant period. Plaintiff has not preserved that information, has produced no documentary evidence in its place, and has provided little to no substantive responsive information in his interrogatory responses.

The Deficiency Letter requests that, by February 6, 2026, Plaintiff (i) produce the requested documents; (2) identify the phone number associated with the Unidentified Device; (iii) provide facts regarding the purchase and disposal of the Devices; and (iv) provide responsive answers to interrogatories. Defendants also requested a Certification setting forth the protocol utilized to search Plaintiff's current cellular device including, but not limited to, the number associated with

**NEWIRTH LINEHAN PLLC**

**43 WEST 43RD STREET | SUITE 160 | NEW YORK, NEW YORK 10036**

**(917) 936-5989 | info@newirthlinehan.com | WWW.NEWIRTHLINEHAN.COM**

the device, the type of imaging conducted, the applications searched, any search terms run, and how and by whom responsive documents were identified.

If this issue cannot be resolved between the parties, Defendants anticipate seeking intervention and appropriate relief from the Court.

***

The parties thank the Court for its attention to this matter.  Should the Court have any concerns, both the undersigned and Defendants' counsel, Mallory Olwig and Debra Rydarowski, stand ready to assist.

Very truly yours,

/s/ Fern Mechlowitz

Karen A. Newirth                                    Fern Mechlowitz

cc:     All counsel of record (via ECF)